UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| LEROY FRANCIS, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) M&M BEDDING, LLD d/b/a EASY REST ) ADJUSTABLE SLEEP SYSTEM, ) ) Defendant. ) ) | Case No.: 4:20-cv-1416-BRW  CLASS ACTION COMPLAINT  **FILED** U.S. DISTRICT COURT EASTERN DISTRICT ARKANSAS  DEC 02 2020  JAMES W. McCORMACK, CLERK By:_____ DEP CLERK |

Plaintiff, Leroy Francis, alleges:

**PRELIMINARY STATEMENT**

1. Plaintiff Leroy France ("Plaintiff" or "France") and those similarly situated are currently or were formerly, employed by Defendant M&M BEDDING, LLD d/b/a EASY REST ADJUSTABLE SLEEP SYSTEM ("Easy Rest" or "Defendant") and, in many weeks, were paid less than minimum wage for each hour of work.

2. In addition, Plaintiff France and those similarly situated were labeled by Defendant Easy Rest as "independent contractors" but were in reality employees of Defendant Easy Rest and were often paid less than minimum wage for each hour of work.

3. The Defendant violated the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Arkansas statutes related to wages and hours (the Arkansas Minimum Wage Act, "AMWA") by failing to pay minimum wage for all hours worked in each workweek when due.

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

4.      The Defendant's violations of the FLSA and Arkansas' labor laws were willful, malicious, and deliberate.

5.      Plaintiff France seeks compensation for the Defendant Easy Rest's violations of the FLSA and Arkansas' minimum wage laws, on his own behalf and on behalf of all others similarly situated current and former employees (including those employees misclassified as independent contractors) of Defendant Easy Rest.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States. Specifically, this action arises under the FLSA.

7.      Plaintiff requests that this Court exercise supplemental jurisdiction over their claims under the laws of Arkansas, pursuant to 28 U.S.C. §1367.

8.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

9.      Plaintiff is a natural person and resident of Arkansas. Plaintiff is personally engaged in interstate commerce during his employment with the Defendant.

10.     Defendant Easy Rest is a business entity which engages in interstate commerce and conducts business in the State of Arkansas, with its corporate headquarters located at 6110 Holabird Avenue Baltimore, Maryland 21224.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

11. Defendant Easy Rest is a company which sells bedding furniture and maintains offices and distribution centers in various regions of the United States.

12. As a part of their business model, Defendant Easy Rest employs sales associates across the continental United States.

13. In December 2018 Easy Rest hired Plaintiff as a remote telephone sales representative.

14. Despite Defendant Easy Rest's near total control over Plaintiff France, Plaintiff worked worked for Defendant Easy Rest with the label of "independent contractor", as attributed to Plaintiff by Defendant Easy Rest.

15. Plaintiff France's job responsibilities as a regular Easy Rest employee and as an employee misclassified as an independent contractor were substantially similar.

16. Defendant Easy Rest exercised operational and actual control over Plaintiff France and all others similarly situated that it labeled as independent contractors when they were in fact telephone sales representative employees.

17. Telephone sales representatives are expected to receive a salary of $15 per hour and a commission.

18. There are strict requirements before Defendant Easy Rest's telephone sales representatives may start on the job.

19. The representatives must first go through a mandatory six hours of unpaid training.

20. Plaintiff France and all others similarly situated were not paid by Defendant Easy Rest for time they spent training for employment.

21. Defendant Easy Rest effectively guaranteed employment to Plaintiff France and others similarly situated upon successful competition of Defendant Easy Rest's training program.

22. After concluding his training program, and as promised, Plaintiff France was hired by Defendant Easy Rest as a regular employee on or about December 2018.

23. The "regular employment" of Defendant Easy Rest is such that Defendant Easy Rest has strict rules for every set of conduct its representatives engage in.

24. These rules include the exact hours the employee must work, the exact script the employee must follow on each telephone sales call, and tracking by Defendant Easy Rest of every moment that its employees are engaged in telemarketing.

25. Defendant Easy Rest's employees are advised that if its employees modify the script in any way, "they will be dealt with."

26. Defendant Easy Rest's employees are not able to work on their own schedule, but must commit to specific shift hours of Defendant Easy Rest.

27. Plaintiff's employment consists of handling incoming phone calls from prospective customers.

28. Plaintiff receives compensation for all times that Plaintiff is on the phone.

29. To utilize Defendant Easy Rest's telephone software in order to be available for calls, Plaintiff must log into Defendant Easy Rest's specific phone application portal. In order for Plaintiff to get into this portal, there is necessary lag time for Plaintiff's computer to start up, for the program to load, and for the calls to begin.

30. Defendant Easy Rest does not pay any of its employees for the necessary lag time which is essential to the employment and the cumulative impact of the lag time renders Plaintiff and those others similarly situated to be compensated below the minimum wage per hour when all lag times are applied to the work day, or in the alternative fails to compensate Plaintiff and those others similarly situated for overtime compensation.

31. Despite Defendant Easy Rest's strict requirements, and their refusal to allow its employees to engage in any independent thought or action, Defendant Easy Rest classifies its employees as "independent contractors."

32. During each of the three years prior to this complaint being filed, Defendant Easy Rest was engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

33. During each of the three years prior to this complaint being filed, Defendant Easy Rest regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and (s).

34. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendant Easy Rest's business.

35. During each of the three years prior to this complaint being filed, Defendant Easy Rest conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

36. During each of the three years prior to this complaint being filed, Defendant Easy Rest's employees used goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were made or manufactured outside the state of Arkansas.

37. By misclassifying its employees, Defendant Easy Rest failed to pay its employees portion of Social Security, Medicare Tax, and unemployment tax.

38. Defendant Easy Rest's misclassification was unjustified.

39. By engaging in this illegal conduct, Defendant Easy Rest has gained an unfair advantage over its competitors.

40. No exemptions exist for the misclassification of Plaintiff as an independent contractor.

41. No exemptions exist for requiring that Plaintiff engage in six hours of unpaid employment under the guise of training.

42. Defendant Easy Rest has acted knowingly, willfully, or with reckless disregard in carrying out its illegal practices in violation of Plaintiff's federally protected rights.

### 216(b) COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff France asserts his Count I, II, III claim under the FLSA, pursuant to 29 U.S.C. §216(b), on behalf of himself and all other similarly situated employees currently and formerly employed by Defendant Easy Rest.

44. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

>   216(b) Misclassification class:   All current and former persons employed as telephone sales representatives by Defendant that have been designated as independent contractors within three years preceding the filing of this action.
>
>   216(b) Minimum Wage Class:   All current and former persons employed as telephone sales representatives by Defendant that have not received compensation for training or lag time within three years preceding the filing of this action.

45. Excluded from the Class is Defendant Easy Rest herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

46. All potential 216(b) Misclassification class and 216(b) Minimum Wage Class Members are similarly situated because, among other things, they were all employees of Defendant Easy

Rest and, upon information and belief, all suffered from the same policies of Defendant Easy Rest, including:

    a. Improperly failing to pay its employees portion of Social Security, Medicare Tax, and unemployment tax.

    b. Failing to pay class members at least statutory minimum wage for each hour of work as mandated by the FLSA.

    c. Failing to pay class members overtime wages for each

## RULE 23 CLASS ACTION ALLEGATIONS

47. Plaintiff France asserts his Counts IV-VI claims pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated for which Plaintiff seeks certification.

48. With respect to the Plaintiff's Rule 23 Class, this claim is brought on behalf of the following class:

| | |
|---|---|
| Misclassification class: | All current and former persons employed as telephone sales representatives by Defendant that have been designated as independent contractors within three years preceding the filing of this action. |
| Minimum Wage Class: | All current and former persons employed as telephone sales representatives by Defendant that have not received compensation for training or lag time within three years preceding the filing of this action. |

49. Excluded from the Class is Defendant Easy Rest herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant Easy Rest, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant Easy Rest.

50. The 216(b) Class and Rule 23 Class (the "Class") are synonymous and one in the same.

### Numerosity

51. Upon information and belief, Defendant Easy Rest has hired over 40 telephone sales representatives within the last 2 years that have been subject to non-payment for lag time and training, and been misclassified as independent contractors.

52. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant Easy Rest's records.

### Common Questions of Law and Fact

53. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant Easy Rest violated various provisions of the FLSA; (ii) whether Plaintiff and the Class have been injured by Defendant Easy Rest's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant Easy Rest's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

54. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant Easy Rest's common uniform course of conduct complained of herein. Plaintiff's

claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

55. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

56. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

57. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted under the FLSA given the common course of conduct and number of those affected.

58. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

59. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

62. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

63. Absent a class action, the Class members will continue to suffer losses borne from Defendant Easy Rest's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant Easy Rest's conduct to proceed and; (b) Defendant Easy Rest to further enjoy the benefit of their ill-gotten gains.

64. Defendant Easy Rest has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FLSA: FAILURE TO PAY MINIMUM WAGES

65. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

66. The named Plaintiff asserts this claim on behalf of himself, the Class and the 216(b) Misclassification Class and the 216(b) Minimum Wage Class, pursuant to 29 U.S.C. §216(b).

67. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by all Defendant Easy Rest as defined by 29 U.S.C. § 203(g).

68. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendant Easy Rest in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

69. The Defendant Easy Rest had annual gross revenues in excess of $500,000 and employed four or more persons, including the named Plaintiff, who worked engaged in interstate commerce.

70. Plaintiff and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

71. Plaintiff and all others similarly situated are entitled to minimum wage under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

72. As described above, Plaintiff has not received from Defendant Easy Rest compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff for these additional hours.

73. Defendant Easy Rest has violated and, continues to violate, the FLSA,2 9 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74. There is no bona fide dispute that Plaintiff is owed minimum wage for work performed for Defendant Easy Rest.

75. Under the FLSA, Plaintiff, on behalf of himself and others similarly situated, are entitled to recover Defendant Easy Rest, compensation for unpaid wages, an additional equal amount as

11

liquidated damages, and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME WAGES

76. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

77. The named Plaintiff asserts this claim on behalf of himself, the Class and the 216(b) Misclassification Class and the 216(b) Minimum Wage Class, pursuant to 29 U.S.C. §216(b).

78. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by all Defendant Easy Rest as defined by 29 U.S.C. § 203(g).

79. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendant Easy Rest in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

80. The Defendant Easy Rest had annual gross revenues in excess of $500,000 and employed four or more persons, including the named Plaintiff, who worked engaged in interstate commerce.

81. Plaintiff and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

82. Plaintiff and all others similarly situated are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

83. As described above, Plaintiff has not received from Defendant Easy Rest compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff for these additional hours.

84. Defendant Easy Rest has violated and, continues to violate, the FLSA,2 9 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

85. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendant Easy Rest.

86. Under the FLSA, Plaintiff is entitled to additional wages from Defendant Easy Rest to compensate for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## VIOLATIONS OF THE FLSA: MISCHARACTERIZATION AS INDEPENDENT CONTRACTORS

87. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

88. The named Plaintiff asserts this claim on behalf of himself, the Class and the 216(b) Misclassification Class and the 216(b) Minimum Wage Class, pursuant to 29 U.S.C. §216(b).

89. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by all Defendant Easy Rest as defined by 29 U.S.C. § 203(g).

90. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendant Easy Rest in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

91. The Defendant Easy Rest had annual gross revenues in excess of $500,000 and employed four or more persons, including the named Plaintiff, who worked engaged in interstate commerce.

92. Plaintiff and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

93. Plaintiff and all others similarly situated as a result of their mischaracterization as "independent contractors" paid their portion of Social Security, Medicare Tax, and unemployment tax, all of which is the responsibility of Defendant Easy Rest.

94. Plaintiff is entitled to compensation from Defendant Easy Rest to compensate for the portion of Social Security, Medicare Tax, and unemployment tax paid an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs and disbursements of this action.

## COUNT IV
## BREACH OF CONTRACT OR UNJUST ENRICHMENT/QUASI-CONTRACT

95. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

96. The named Plaintiff asserts this claim on behalf of himself, the Class and the 216(b) Misclassification Class and the 216(b) Minimum Wage Class, pursuant to 29 U.S.C. §216(b).

97. Defendant Easy Rest entered into an employment agreement with the named Plaintiff and those similarly situated.

98. This agreement incorporated all applicable state and federal laws, including those setting a minimum wage in the several states.

99. The wage term in the contract is illegal and void. It must be replaced in quantum meruit at the reasonable value of the Plaintiff's labor, or alternatively, at minimum wage.

100. Defendant Easy Rest breached this contract by failing to pay all wages due including the minimum wage and any overtime wages.

101. Defendant Easy Rest breached this contract by mischaracterizing Plaintiff and all others similarly situated as independent contractors when they are in fact employees, to avoid payment of Social Security, Medicare Tax, and unemployment taxes paid by Plaintiff and all others similarly situated.

102. Defendant Easy Rest owes damages in law and equity, or alternatively, must be disgorged from their ill-gotten gains.

## COUNT V
## VIOLATIONS OF THE AMWA: FAILURE TO PAY MINIMUM WAGES

103. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

104. At all relevant times, Plaintiff and others similarly situated were entitled to the rights, protections, and benefits provided under the AMWA.

105. At all relevant times, Plaintiff and others similarly situated were "employees" of Defendant Easy Rest, as defined by Ark. Code Ann. § 11-4-203(3).

106. At all relevant times, Defendant Easy Rest was the "employer" of Plaintiff and members of the putative classes, as defined by Ark. Code Ann. § 11-4-203(4).

107. Ark. Code Ann. § 11-4-210(a) provides that "beginning October 1, 2006, every employer shall pay each of his or her employees' wages at the rate of not less than six dollars and twenty-five cents ($6.25) per hour except as otherwise provided in this subchapter. Beginning January 1, 2015, every employer shall pay his or her employees' wages at the rate of not less than seven

dollars and fifty cents ($7.50) per hour, beginning January 1, 2016, the rate of not less than eight dollars ($8.00) per hour, beginning January 1, 2017, the rate of not less than eight dollars and fifty cents ($8.50) per hour, beginning January 1, 2018 the rate of not less than eight dollars and fifty cents ($8.50) per hour, beginning January 1, 2019 the rate of not less than nine dollars and twenty-five cents ($9.25) per hour, beginning January 1, 2020 the rate of not less than ten dollars ($10.00) per hour except as otherwise provided in this subchapter." Ark. Code Ann. § 11-4-210(a)(1)-(2).

108.  At all relevant times, Defendant Easy Rest, pursuant to their policies and practices, failed and refused to compensate Plaintiff and others similarly situated for work performed at the rate required by Ark. Code Ann. § 11-4-210.

109.  Plaintiff and others similarly situated are entitled to compensation for all hours worked up to 40 per work week at the minimum wage set by Arkansas law. From October 1, 2006 until December 31, 2014, that minimum rate was $6.25 per hour. From January 1, 2015 until December 31, 2015, that minimum rate was $7.50 per hour. From January 1, 2016 until December 31, 2016, that minimum rate was $8.00 per hour. From January 1, 2017 to January 1, 2019 that minimum rate was $8.50 per hour.  From January 1, 2019 to January 1, 2020 that minimum rate was $9.25 per hour.  Since January 1, 2020 that minimum rate was $10.00 per hour.

110.  Defendant Easy Rest has willfully violated and continue to violate the AMWA by failing to pay Plaintiff and others similarly situated for all hours worked up to 40 per work week at least the minimum rate prescribed therein.

111.  Defendant Easy Rest has failed and continues to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Code Ann. § 11-4-217.

112. Defendant Easy Rest has willfully violated the above provisions by failing to pay Plaintiff and all others similarly situated for all hours worked up to 40 per work week at least the minimum rate prescribed therein.

113. Plaintiff and all others similarly situated have sustained damages as a result of Defendant Easy Rest's violation of the AMWA.

114. Defendant Easy Rest's violations entitle Plaintiff and all others similarly situated to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) in an amount equal to Plaintiff and all others similarly situated compensatory damages.

115. Plaintiff and all others similarly situated are entitled to an award of attorneys' fees and costs pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

116. Defendant Easy Rest is liable to Plaintiff and all others similarly situated for unpaid wages, an equal amount in liquidated damages, interest, expenses, attorneys' fees, and costs.

## COUNT VI
## VIOLATIONS OF THE AMWA: FAILURE TO PAY OVERTIME

117. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

118. At all relevant times, Plaintiff and others similarly situated were entitled to the rights, protections, and benefits provided under the AMWA.

119. At all relevant times, Plaintiff and others similarly situated were "employees" of Defendant Easy Rest, as defined by Ark. Code Ann. § 11-4-203(3).

120. At all relevant times, Defendant Easy Rest was the "employer" of Plaintiff and others similarly situated, as defined by Ark. Code Ann. § 11-4-203(4).

121. Ark. Code Ann. § 11-4-211(a) provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 ½) times the regular rate of pay at which he or she is employed."

122. At all relevant times, Defendants Easy Rest, pursuant to their policies and practices, failed and refused to compensate Plaintiff for work performed at the rate required by Ark. Code Ann. § 11-4-211.

123. Plaintiff and others similarly situated are entitled to compensation for all hours worked in excess of 40 per work week at a rate not less than one-and-a-half times their regular rate of pay.

124. Defendant Easy Rest has willfully violated the AMWA by failing to pay putative class members for all hours actually worked at the rate prescribed therein.

125. Defendant Easy Rest has failed and continue to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Code Ann. § 11-4-217.

126. Defendant Easy Rest has willfully violated and continue to violate the above provisions by failing to pay one-and-a-half times the regular rate of pay for compensable work in excess of 40 hours in a work week.

127. Plaintiff and others similarly situated have sustained damages as a result of Defendant Easy Rest's violation of the AMWA.

128. Defendant Easy Rest's violations entitle Plaintiff and others similarly situated to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) in an amount equal to Plaintiff and others similarly situated's compensatory damages

129. Plaintiff and others similarly situated are entitled to an award of attorneys' fees and costs pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

130. Defendant Easy Rest is liable to Plaintiff and all others similarly situated for unpaid wages, an equal amount in liquidated damages, interest, expenses, attorneys' fees, and costs.

## JURY TRIAL DEMAND

131. Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter an Order:

a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*;

b. That appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the 216(b) Minimum Wage Class and the 216(b) Misclassification Class;

c. Awarding the Plaintiff and the 216(b) Minimum Wage Class and the 216(b) Misclassification Class unpaid minimum wage, pursuant to 29 U.S.C. §§206 and 216;

d. Awarding the Plaintiff and the 216(b) Minimum Wage Class and the 216(b) Misclassification Class unpaid overtime wages, pursuant to 29 U.S.C. §§207(a) and 216;

e. That the court certify this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

f. That appropriate notice of this suit be provided to all potential members of the Misclassification Class and Minimum Wage Class;

g. Awarding the named Plaintiff, the Misclassification Class and the Minimum Wage Class damages, liquidated damages;

h. Awarding the named Plaintiff, the 216(b) Minimum Wage Class and the 216(b) Misclassification Class, the Misclassification Class and the Minimum Wage Class punitive damages;

i.  Awarding the named Plaintiff, the Misclassification Class and the Minimum Wage Class punitive damages for breach of contract or unjust enrichment;

j.  Awarding Plaintiff actual and liquidated damages, statutory interest, and costs; and

k.  Granting such other relief as this Court deems just and proper.


Dated this 24th day of November 2020.

                    Respectfully Submitted,

                    /s/ *Daniel Zemel,*
                    Daniel Zemel, Esq.
                    ZEMEL LAW LLC
                    660 Broadway
                    Paterson, New Jersey 07514
                    T: (862) 227-3106
                    F: (973) 282-8603
                    dz@zemellawllc.com
                    Attorneys for Plaintiff